FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2013 JAN -3 P 1:57

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| DIVYA KATYAL,<br><br>    Plaintiff,<br><br>v.<br><br>RCN TELECOM SERVICES, LLC,<br>Serve: CT Corporation System<br>         4701 Cox Road, Suite 301<br>         Glen Allen, VA 23060-6802<br><br>and<br><br>RCN CORPORATION GROUP LIFE<br>INSURANCE PLAN,<br>Serve: Kenneth Conrad, Plan Administrator<br>         RCN Telecom Services, LLC<br>         650 College Road East, Suite 3100<br>         Princeton, NJ 08540-6251<br><br>    Defendants. | Civil Action No.: 1:13CV8<br>CMH/TCB |

## COMPLAINT

COMES NOW the plaintiff, DIVYA KATYAL, and for her complaint against RCN TELECOM SERVICES, LLC, and the RCN CORPORATION GROUP LIFE INSURANCE PLAN, states and alleges as follows:

### JURISDICTION & VENUE

1.  This Court has original jurisdiction over this matter pursuant to 29 U.S.C. § 1144, as this controversy involves an employee benefit plan covered by 29 U.S.C. § 1003(a).

2.  Venue is proper in this district under 29 U.S.C. § 1132(e)(2), which allows litigation in the district where an employee benefit plan is administered or where a defendant may be found.

## THE PARTIES

3. Plaintiff Divya Katyal ("Divya") is an individual who resides in Fairfax County, Virginia. She is also known as Divya Bains, as she is married to Gurpreet Bains ("Gurpreet"), an individual who is not a party to this action.

4. Defendant RCN Telecom Services, LLC ("RCN") is a limited liability company based in Princeton, New Jersey. RCN is a broadband telecommunication services provider delivering video, internet and voice services to residential and business customers under the brand names of RCN Telecom Services and RCN Business Services. RCN's service areas include Washington, DC, Fairfax, Virginia and Falls Church, Virginia.

5. Defendant RCN Corporation Group Life Insurance Plan (the "Plan") is a single-employer insurance plan, effective October 1, 1997. It is an "employee benefit plan" as defined by 29 U.S.C. § 1002(3). Upon information and belief, the Plan is sponsored and administered by RCN.

## BACKGROUND FACTS

6. In October 2004, RCN acquired full ownership and control of Starpower Communications, LLC ("Starpower"), a Herndon-based provider of diversified communication services.

7. Kirstin Ann Kirchner ("Kirstin") was an employee of Starpower from September 1999 until her death in June 2006.

8. Kirstin was a participant in the Plan, which provided her with life insurance benefits equal to twice her annual salary (the "Basic Life" policy). Upon information and belief, Kirstin also owned a supplemental life insurance policy through RCN worth $150,000 (the "Supplemental Life" policy).

9. Divya and Kirstin were extremely close friends. By January 2005, Kirstin had designated Divya as the sole beneficiary of both the Basic Life policy and the Supplemental Life policy.

10. At the time of Kirstin's death, Divya was still the sole beneficiary of each of the above-referenced policies.

11. Knowing Divya to be the sole beneficiary of the above-referenced policies, Debora Lewis ("Debora"), a Senior Human Resources Manager at RCN, sent Divya an e-mail on June 30, 2006 in which she said that Divya would receive paperwork by mail sometime within "the next seven days" regarding the life insurance policies, which Divya would have to complete and return.

12. By July 28, 2006, Divya had not received any such forms from RCN. Divya therefore contacted RCN to inquire about the status of the life insurance proceeds, at which time an unknown RCN employee informed her that she was not the named beneficiary on the policies. The RCN employee declined to discuss the case with Divya, but did indicate that RCN's records showed Kirstin's father, William Kirchner ("William"), as the sole beneficiary.

13. Divya immediately contacted Debora and informed her that there had obviously been some sort of mistake. Debora offered to look into the matter for Divya; thereafter, on or about July 28, 2006, she called Divya to inform her that she had been unable to locate any paperwork naming Divya as the beneficiary.

14. In August 2006, CIGNA Group Insurance approved William's claim for Kirstin's Group Term Life Insurance proceeds, and deposited at least $150,432.11 into a CIGNAssurance account in William's name. Divya did not receive any proceeds relating to any life insurance policy held by Kirstin.

15. In April 2009, Divya's attorney at the time, Kimberley Ann Murphy, sent RCN a detailed letter, requesting "a formal investigation" into the matter. RCN did not respond to that correspondence.

16. On June 3, 2009, Ms. Murphy sent a follow-up letter (via Federal Express) to RCN and Starpower, repeating her request and enclosing a copy of the original April 29, 2009 letter along with its attachments. RCN did not respond to that correspondence, and it is not known whether or not RCN ever conducted such an investigation.

17. In the fall of 2011, Divya discovered copies of Kirstin's RCN "Confirmation of Benefits" statements for 2004 and 2005, which identifies "Divya Bains" as the sole beneficiary of the "Basic Life" and "SuppLife" policies listed therein. Copies of these statements are attached hereto as **Exhibit A** and **Exhibit B**, respectively.

## FACTS RELATING TO ERISA

18. The Plan is an employee benefit plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq*.

19. ERISA Section 104 provides that the administrator of an employee benefit plan "shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." 29 U.S.C. § 1024(b).

20. ERISA Section 4065 requires the administrator of an employee benefit plan to file an annual report providing information about the plan, including the name and address of the plan administrator. *See* 29 U.S.C. § 1365. The annual report must be filed by the last day of the seventh calendar month after the end of the plan year. *Id.*

21.     On or about October 13, 2011, the Plan submitted its annual report for 2010 by way of a Form 5500 filed with the Employee Benefits Security Administration (EBSA). The 2010 report identifies Kenneth Conrad as the plan administrator, and lists RCN Corporation (of Herndon, Virginia) as the plan sponsor.

## COUNT I
## Violation of 29 U.S.C. § 1024(b)(4)

22.     Plaintiff hereby incorporates by reference all other factual allegations contained in Paragraphs 1 through 21 as if fully restated in this paragraph.

23.     Using the information obtained from the Plan's 2010 annual report, Divya (by and through the undersigned attorney) sent a written request for Plan information addressed to: "Mr. Kenneth Conrad (or current Plan Administrator), RCN Corporation Group Life Insurance Plan, 196 Van Buren Street, Suite 300, Herndon, Virginia 20170" (the "First Request"). This First Request was sent via first class mail on November 15, 2011.

24.     Page 2 of the First Request states: "This letter is directed to the plan administrator . . . for the applicable group life insurance plan. If this letter has been misdirected somehow, please forward this letter promptly to the appropriate plan administrator."

25.     The First Request included an explanation regarding Divya's status as a plan beneficiary, and was accompanied by copies of the 2004 and 2005 "Confirmation of Benefits" forms verifying same.

26.     Neither Divya nor her attorney(s) received any response to the First Request. The First Request was never returned as "undeliverable" or otherwise rejected by the USPS.

27.     In December 2011, Divya and her attorney(s) discovered that RCN had been purchased by ABRY Partners, LLC, in August 2010, after which it moved its base of operations from Herndon, Virginia to Princeton, New Jersey.

28. Based on this new information, Divya (by and through the undersigned attorney) sent a second letter, repeating the First Request's written request for plan information. This follow-up letter was addressed to Jeffrey Kramp, Esq., Senior Vice President, Secretary, and General Counsel for RCN, and was sent via Federal Express on December 16, 2011 (the "Second Request"). A copy of the Second Request (with attachments) is attached hereto as **Exhibit C**.

29. Approximately one week later, the undersigned attorney received a phone call from Derwin Brown, Esq., Senior Corporate Counsel for RCN. Mr. Brown confirmed receipt of the Second Request, and promised to deliver the requested documents by December 30, 2011. However, neither Divya nor her attorney(s) ever received any plan information from Mr. Brown or anyone else at RCN thereafter.

30. As verified by Federal Express tracking and as conceded by Mr. Brown, RCN (and, therefore, the administrator of the Plan) was in receipt of the Second Request no later than December 20, 2011. Accordingly, Defendants had until January 19, 2012 to make a timely response, pursuant to 29 U.S.C. § 1132(c)(1)(B).

31. Defendants failed to provide the requested information by January 19, 2012.

32. As of the date of this filing, Defendants have never provided the requested information or produced any Plan documents in response to either the First Request or the Second Request.

33. Defendants have failed to provide the requested information and produce Plan documents in spite of the fact that both the First Request and the Second Request were quite specific and gave clear notice of exactly what information Divya was seeking.

WHEREFORE, Plaintiff Divya Katyal respectfully asks the Court to find that Defendants violated 29 U.S.C. § 1024(b)(4) when they refused to respond to Plaintiff's written request for

Plan documents; to find that Defendants are liable to Plaintiff in the amount of $35,000 (or, $100 per day from the date of Defendants' initial refusal to respond to Plaintiff's written request for Plan documents), pursuant to 29 U.S.C. § 1132(c)(1); to award Plaintiff her reasonable attorneys' fees and costs incurred in bringing this action, pursuant to 29 U.S.C. § 1132(g)(1); and to order such other relief as the Court deems just and proper.

Dated: January 3, 2013                               Respectfully submitted,

                                                     DIVYA KATYAL
                                                     By Counsel


ALBO & OBLON, L.L.P.


_____
Jeffrey A. Hord (VSB No. 77638)
2200 Clarendon Blvd., Suite 1201
Arlington, Virginia 22201
(703) 373-5824
(703) 312-0415 Fax
jah@albo-oblon.com
*Counsel for Plaintiff Divya Katyal*